UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NOUCHIE VELLON, *on behalf of himself and others similarly situated*, <br><br> Plaintiff, <br><br> -against- <br><br> THE CHEFS' WAREHOUSE, INC. and DAIRYLAND USA CORPORATION <br><br> Defendants. | Index No. 1:22-cv-04809-VSB |

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE CLASS ALLEGATIONS AND/OR DISMISS THE COMPLAINT IN ITS ENTIRETY

LITTLER MENDELSON, P.C.
900 Third Avenue
New York, NY 10022.3298

*Attorneys for Defendants*

## TABLE OF CONTENTS

**PAGE**

PRELIMINARY STATEMENT ...................................................................................................1

PROCEDURAL BACKGROUND................................................................................................3

PLEADED "FACTS" BASED ON ALLEGATIONS IN THE COMPLAINT ............................4

ARGUMENT..................................................................................................................................6

      I.      STANDARD OF REVIEW....................................................................................6

      II.     THE CLASS ACTION ALLEGATIONS SHOULD BE STRICKEN..................7

            A.     The Complaint Fails To State A Claim Under Rule 12(b)(6)....................7

      III.    PLAINTIFF HAS FAILED TO STATE A CLAIM OF EMPLOYMENT
              DISCRIMINATION UNDER THE NYCHRL ......................................................9

CONCLUSION.............................................................................................................................12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alvarez v. Nicholson*,
   No. 03 Civ. 4173 (RCC), 2005 U.S. Dist. LEXIS 45744 (S.D.N.Y. Aug. 3,
   2005) ................................................................................................................................. 11

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ......................................................................................................... 6, 8

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) .................................................................................................... 6, 8, 11

*Borgese v. Baby Brezza Enterprises LLC*,
   20-Civ-1180 (VM), 2021 WL 634722 (S.D.N.Y. Feb. 18, 2021) .......................................... 7

*Bowling v. Johnson & Johnson*,
   No. 17 Civ. 3982 (AJN), 2019 U.S. Dist. LEXIS 67795 (S.D.N.Y. April 22,
   2019) ..................................................................................................................................... 8

*Camacho v. City of New York*,
   2020 WL 4014902 (S.D.N.Y. July 16, 2020) ....................................................................... 9

*Franklin v. Whole Foods Mkt. Grp.*,
   20-CV-4935 (VEC), 2022 WL 256460 (S.D.N.Y. Jan. 26, 2022) ....................................... 10

*Garcia v. The Execu\Search Group, LLC*,
   17-cv-9401, 2019 WL 689084 (S.D.N.Y. Feb. 19, 2019) ..................................................... 7

*Littlejohn v. City of New York*,
   795 F.3d 297 (2d Cir. 2015) ............................................................................................... 10

*Mayfield v. Asta Funding, Inc.*,
   95 F. Supp. 3d 685 (S.D.N.Y. 2015) .................................................................................... 7

*McNeil v. Vradenburgh*,
   18-CV-09353 (PMH), 2021 WL 797657 (S.D.N.Y. Feb. 26, 2021) ................................... 11

*Ochei v. The Mary Manning Walsh Nursing Home Co.*, Inc.
   No. 10 Civ. 2548 (CM) (RLE), 2011 WL 744738 (S.D.N.Y. Mar. 1, 2011) ....................... 10

*Soloviev v. Goldstein*,
   104 F. Supp. 3d 232 (E.D.N.Y. 2015) ................................................................................ 12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Stinnett v. Delta Air Lines, Inc.*,
  No. 18-CV-2704 (DLI) (LB), 2019 U.S. Dist. LEXIS 58145 (E.D.N.Y. Mar. 31, 2019) .................................................................................................................. 11

*Talarico v. Port Auth. of N.Y. & N.J.*,
  367 F. Supp. 3d 161 (S.D.N.Y. 2019) .............................................................................. 7, 9

**Statutes**

Fair Credit Reporting Act ("FCRA") ................................................................................ *passim*

N.Y. Correct. Law § 752 ................................................................................................... 9, 10

N.Y. Exec. Law § 296(15) ....................................................................................................... 9

New York City Human Rights Law ("NYCHRL") ........................................................ *passim*

New York Fair Credit Reporting Act (NY FCRA") ................................................................ 1

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) ............................................................................................ 1, 6, 7, 12

Fed.R. Civ. P. Rule 12(f) ............................................................................................ 1, 6, 12

Fed.R. Civ. P. Rule 23(d)(1)(D) ........................................................................................ 6, 7

NYC Admin. Code § 8-107(10) ............................................................................................ 9

Defendants The Chef's Warehouse, Inc. and Dairyland USA Corporation (collectively "Defendants") submit this memorandum of law in support of their motion pursuant to Fed. R. Civ. P. 12(b)(6), 12(f) and/or 23(d)(1)(D), dismissing or striking the class-based allegations and causes of action contained in Plaintiff Nouchie Vellon's ("Plaintiff" or "Vellon") Complaint.

## PRELIMINARY STATEMENT

In his Complaint, Plaintiff alleges that Defendants violated the New York City Human Rights Law ("NYCHRL"), the New York Fair Credit Reporting Act ("NY FCRA"), and the federal Fair Credit Reporting Act ("FCRA")by discriminating against individuals with criminal histories and by utilizing illegal screening policies to deny employment opportunities to individuals with criminal histories. Vellon and his attorneys seek to certify this lawsuit as a class action; however, no discovery is necessary to conclude that Vellon cannot leap from his own sparsely pled claims to a sweeping nationwide class action. Vellon's boilerplate class allegations are insufficient to open the door to expensive and time-consuming class action discovery because his claims are based upon a single alleged interaction, which has since been retracted by Vellon, between Vellon and another individual who allegedly asked Vellon about his criminal history. With the paucity of allegations concerning a common plan to discriminate against individuals with criminal convictions, Plaintiff's Complaint simply provides no basis to leap to the conclusion that Defendants have a common policy or plan to violate the NYCHRL, NY FCRA or FCRA.

In his Complaint Vellon acknowledges that: (i) he does not know whether Defendants learned about his conviction history through a background check or through some other means, (ii) Defendants never communicated any hiring decision to him (favorable or not) about his hiring, (iii) Defendants allegedly raised the subject of Vellon's criminal history on a single occasion, and (iv) Defendants allegedly invited Vellon to come to a career fair that Defendants were hosting *after* Defendants allegedly discussed his criminal background with him and *after* he followed up

with Defendants about the status of his application. Despite Defendants' apparent continued interest in Vellon's candidacy, Vellon Apparently declined Defendants' invitation to attend the career fair. Despite admitting that Defendants were interested in still interviewing Plaintiff after they became aware of his criminal history, Plaintiff now alleges that Defendants violated the NYCHRL, NY FCRA and FCRA.

From these highly specific factual allegations, Vellon makes a huge and unsupported leap to assume that "other Class members suffered similar harms," that Defendants "inquire into conviction histories before making conditional offers of employment," and that Defendants "reject applicants on the basis of their conviction histories without conducting an Article 23-A analysis and then allowing applicants to read and respond to that analysis Defendants." At no point in his Complaint does Vellon explain how he extrapolates that Defendants maintain uniform hiring and background checking policies from his own specific (alleged) experience. For example, he does not allege that he spoke to any other individual with a criminal history who applied for employment with Defendants and who had a similar experience. He also does not plead that he reviewed any of Defendants' hiring or background check practices. Under these circumstances, Vellon has failed to plead that Defendants maintain a common and uniform policy with respect to evaluating candidates for employment who have criminal histories. As such, Defendants respectfully ask the Court to dismiss or strike Plaintiff's class action claims.

Plaintiff's claims should also be dismissed because he has not alleged that he suffered any adverse employment action. As discussed above, Plaintiff was still a candidate for employment and Defendants invited him to attend a career fair. Plaintiff, however, apparently declined the invitation thereby taking himself out of running for the job he allegedly applied for. Under these

circumstances, Plaintiff has failed to plead the existence of any adverse employment action and his NYCHRL claims should be dismissed.

## **PROCEDURAL BACKGROUND**

This Action has a unique and slightly bizarre procedural history, which serves to highlight the inadequacy of Plaintiff's class action allegations. On June 8, 2022, Vellon filed a Class Action Complaint against The Chefs' Warehouse, Inc., Dairyland USA Corporation and Miguel Vargas. *See* Declaration of Eli Z. Freedberg, ("Freedberg Decl."), at ¶ 3, Ex. A ("Compl."). Shortly after Plaintiff filed his Class Action Complaint, Defendants provided Vellon with conclusive and indisputable documentation demonstrating that Plaintiff's Class Action complaint contained a material falsehood. *See* Freedberg Decl., at ¶ 4, Ex. B. Specifically, Defendants proved that Miguel Vargas, a named Defendant who Plaintiff claims interviewed him and asked him about his criminal background and who allegedly conducted an "informal search into [Vellon's] background" could not have met with Vellon because Miguel Vargas was not employed by The Chefs' Warehouse on the date that he allegedly met with Vellon. *Id*.

Rather than dismissing this Action altogether, as Vellon should have done in response to being caught in a bald-faced falsehood, on July 13, 2022, Vellon merely filed a notice of dismissal pursuant to FCRP 41(a)(1)(A)(i) dismissing all claims in this action without prejudice as to the Individual Defendant Miguel Vargas. *See* Freedberg Decl., at ¶ 5, Ex. C. Shortly thereafter, Plaintiff attempted to file an Amended Complaint. *See* Freedberg Decl., at ¶ 6, Ex. D. The Court, however, notified Vellon that he was precluded from filing the Amended Complaint because the pleading was amended more than 21 days after service of the original pleading and Court's leave has not been granted. *See* Freedberg Decl., at ¶ 7, Ex. E. Vellon was instructed to refile the Amended Complaint attaching either Defendants' written consent or Court's leave. To date,

Vellon has failed to do so. Accordingly, the original complaint is still the operative pleading in this matter.

## **PLEADED "FACTS" BASED ON ALLEGATIONS IN THE COMPLAINT**

The following are the pleaded "facts" alleged in Vellon's Complaint, which are assumed to be true solely for the purposes of this motion to dismiss.

According to the Class Action Complaint, Vellon applied online for a position with Defendants in the beginning of July 2021. (Compl., ¶13). Vellon does not identify the specific position he applied for. On July 8, 2021, Vellon received an invitation to interview at Defendants' hiring event on July 14, 2021, and received a link from Defendants directing him to authorize a background check though a program called "Checkr," and Plaintiff authorized Defendants to conduct a background check. (Compl., ¶¶ 13, 14).[1]  On July 14, 2021, Vellon arrived at Defendants' Bronx facility and Miguel Vargas (who Vellon dismissed from the Action because he was no longer employed by Defendants at this time)[2] asked Plaintiff to discuss his criminal history. (Compl., ¶ 15). According to Vellon, Vargas told him that he had conducted an "informal search into his background" and also told Vellon that "Defendants valued honesty regarding such matters." (Compl., ¶ 15).  Vellon then told Miguel Vargas that he had a conviction history but explained that he was nonetheless qualified for the position and that his history would not impede him from executing his duties. (Compl., ¶ 17). Vellon does not plead that there was any further discussion of his criminal history or what his criminal history entailed. Vellon did not hear back from Defendants about their hiring decision on that day or any subsequent day. (Compl., ¶ 18).

---

[1] Although Defendants recognize that they cannot dispute allegation of fact in this Motion, Defendants are compelled to note that this is another bald faced falsehood.  Defendants have never utilized Checkr as a vendor for hiring purposes or for background check purposes. For the purposes of this Motion only, Defendants will treat this allegation to be true, but this falsehood is another instance of Vellon's fabrications of claims.
[2] *See* ECF No. 18, at 11 n. 1

Vellon asserts that on August 20, 2021, he left a voicemail with Defendants' human resources department requesting an update about his application and that he received an email from Defendants the following day inviting him to attend a career fair Defendants were hosting. (Compl., ¶ 19). Vellon claims that he informed Defendants that he already interviewed and was contacting Defendants to inquire about whether there had been a decision regarding his employment application. (Compl., ¶ 20). Vellon states that he did not hear from Defendants again. (Compl., ¶ 21). Vellon does not allege that he attended the career fair on August 21, 2021. Finally, Vellon alleges that he was never provided a copy of Article 23-A analysis or his consumer report that Defendants sought to obtain through Checkr. (Compl., ¶ 22).

Vellon claims that "[i[]t is Defendants' general policy to (a) inquire into conviction histories before making conditional offers of employment and (b) reject applicants on the basis of their conviction histories without conducting an Article 23-A analysis and then allowing applicants to read and respond to that analysis." (Compl., ¶ 38). Vellon does not identify how he allegedly learned that this is Defendants' policy. Vellon also claims that "Defendants have routinely and systematically failed to provide other job applicant Class members with a copy of Article 23-A of the Correction Law after a consumer report was ordered on them." (Compl., ¶ 38). Again, Vellon fails to explain how he would know this information. Vellon seeks to certify this Action as a class action. (Compl., ¶¶ 57-69).

Plaintiff defines three putative classes:

> (1) The NYCHRL Class – All individuals with criminal records who, during the applicable limitations period, applied for employment with Chef's Warehouse or Dairyland USA and were denied employment after Defendants conducted a background check, or otherwise inquired into their criminal history, without first receiving (a) a conditional offer of employment and/or (b) Defendants' Article 23-A analysis and a reasonable opportunity to respond to it.
>
> (2) The NY FCRA Class - All individuals with criminal records who, during the applicable limitations period, applied for employment with Chefs' Warehouse or

>Dairyland USA and (a) were denied employment or terminated by Defendants, (b) had consumer reports requested about them by Defendants, and (3) were not provided with a copy of Article 23-A of the Correction Law.
>
>(3) The FCRA Class - All individuals with criminal records who, during the applicable limitations period, applied for employment with Chefs' Warehouse or Dairyland USA and (a) were denied employment or terminated by Defendants, (b) had consumer reports requested about them by Defendants, and (3) were not provided with a copy of their consumer reports or an explanation of their rights under the FCRA.

(Compl., ¶¶ 58-60).

## ARGUMENT

**I.      STANDARD OF REVIEW**

A claim will survive a Rule 12(b)(6) motion to dismiss only if the plaintiff alleges facts sufficient "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A plaintiff must show "more than a sheer possibility that a defendant has acted unlawfully", (id.), and cannot rely on mere "labels and conclusions." *Twombly*, 550 U.S. at 555. Where a complaint "pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) If the plaintiff's allegations "have not nudged [his or her] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly*, 550 U.S. at 570. These standards, which are intended to protect defendants from burdensome discovery in potentially baseless claims, have even greater applicability to wide-ranging class actions.

In addition, Rule 12(f) permits a court to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Also, Rule 23(d)(1)(D)

permits a court to "require that the pleadings be amended to eliminate allegations about representation of absent persons . . . . " Fed. R. Civ. P. 23(d)(1)(D). Class allegations may be stricken where "it is clear from the pleadings that the certification requirements cannot be met." *Borgese v. Baby Brezza Enterprises LLC*, 20-Civ-1180 (VM), 2021 WL 634722 at *4 (S.D.N.Y. Feb. 18, 2021) (striking bare and conclusory class allegations as insufficient to allege a plausible entitlement to class treatment); *Garcia v. The Execu\Search Group, LLC*, 17-cv-9401, 2019 WL 689084 (S.D.N.Y. Feb. 19, 2019) (striking part of class allegations premised on state of mind of defendants, rendering class unascertainable by objective criteria); *Talarico v. Port Auth. of N.Y. & N.J.*, 367 F. Supp. 3d 161, 173 (S.D.N.Y. 2019) ("[A] motion to strike class claims at the pleading stage can succeed where the claims fail to state a plausible entitlement to relief on behalf of the putative class members."); 1 McLaughlin on Class Actions §3:4 (17th ed.) (motions to strike "are appropriate where the unsuitability of class treatment is evident on the face of the complaint and incontrovertible facts").

As discussed in more detail below, the class claims in Vellon's Class Action Complaint are facially deficient and as such the Court should strike them from the Complaint.

## II. THE CLASS ACTION ALLEGATIONS SHOULD BE STRICKEN

### A. The Complaint Fails To State A Claim Under Rule 12(b)(6)

Plaintiff's complaint is replete with vague conclusory statements and devoid of factual content. As this Court has recognized, class allegations should be stricken when it is clear from the pleadings that the certification requirements cannot be met. *Borgese,* 2021 WL 634722, at *4 ("the defendant 'need not wait for the plaintiff to act,' and may, as here, 'move for an order denying class certification' before the plaintiff has filed such motion.") A motion to strike class allegations from a complaint is appropriate when the movant can show that the class is uncertifiable as a matter of law. *Mayfield v. Asta Funding, Inc.,* 95 F. Supp. 3d 685, 696-97 (S.D.N.Y. 2015). "[C]lass

certification is inappropriate where a putative class representative is subject to unique defenses which threaten to become the focus of the litigation." *Bowling v. Johnson & Johnson*, No. 17 Civ. 3982 (AJN), 2019 U.S. Dist. LEXIS 67795 at *11 (S.D.N.Y. April 22, 2019).

Here, the Court should dismiss Plaintiff's class action claims because he has simply pled the legal standard for certifying cases as class action pursuant to the Federal Rules of Civil Procedure.  He has failed to plead any facts showing the existence of a common plan or policy by Defendants to violate the NYCHRL, the NY FCRA or the FCRA.  Indeed, Plaintiff's own claims are based upon a unique (and partially retracted) set of events and a single alleged interaction between Vellon and some other unidentified person (presently pled as Miguel Vargas, who Vellon has dismissed from this Action), who allegedly asked Vellon about his criminal history. These claims, as presently pled, do not satisfy the *Iqbal* or *Twombly* standards necessary to state a class action claim.

Indeed, Vellon cannot even identify which of Defendants' employees allegedly inquired about his criminal history let alone plead with any specificity that Defendants *always* inquired about applicants' criminal histories. As noted above, Vellon Plaintiff initially pled that Miguel Vargas asked him about his criminal convictions, Plaintiff then retracted the allegation and attempted to dismiss Defendant Vargas from the complaint because Vargas stopped working for Defendants a month before the alleged interaction. Vellon also acknowledges that he does not know whether Defendants learned about his conviction though a background check. (Compl., at ¶ 16). While Plaintiff pleads many conclusory allegations, he fails to plead that Defendants actually ran a background check on him. With the uncertainty rampant throughout the Complaint, Plaintiff has utterly failed to meet the specificity required to maintain a pleading of class action claims.

When the complaint itself shows that the requirements for maintaining a class action cannot be met a court may strike the class allegations at any practicable time after the suit has been filed.

*See Camacho v. City of New York*, 2020 WL 4014902, at *3 (S.D.N.Y. July 16, 2020) (striking class allegations before a motion for class certification was filed because it was "already clear" that the defects could not be cured); *See Talarico*, 367 F. Supp. 3d 161, 173 ("[A] motion to strike class claims at the pleading stage can succeed where the claims fail to state a plausible entitlement to relief on behalf of the putative class members").

### III. PLAINTIFF HAS FAILED TO STATE A CLAIM OF EMPLOYMENT DISCRIMINATION UNDER THE NYCHRL

Vellon fails to plead facts that support the basic elements of the NYCHRL claims he purports to assert. Vellon asserts that "Defendants further violated the NYCHRL when they took adverse action against Plaintiff." (Compl., at ¶ 73). The NYCHRL prohibits employers from denying employment to an individual "by reason of the individual's having been previously convicted of one or more criminal offenses." N.Y. Correct. Law § 752; <u>see</u> N.Y. Exec. Law § 296(15); NYC Admin. Code § 8-107(10). However, these statutes do not prohibit employers from considering an applicant's criminal history in deciding whether to offer employment. Rather, they require employers to review and evaluate a candidate's non-criminal information contained in a background check first and then conduct a multi-factor analysis in certain circumstances in order to determine whether there is a "direct relationship" between the applicant's criminal history and the prospective job or employing the applicant would "involve an unreasonable risk to property or to the safety or welfare" of the public after a conditional offer of employment is made. N.Y. Correct. Law § 752.

While Vellon asserts that Defendants violated these provisions, he fails to plead a single allegation which establishes that Defendants denied his employment *because* of his criminal history. First, Vellon does not plead that Defendants conducted a *criminal history* background check or that his background check contained any information regarding his criminal history. In

fact, Vellon admits that he doesn't know if his background check contained information about his criminal history. Second, while Vellon provides a verbatim recitation of what constitutes a violation of the Fair Chance Act, he does not plead that Defendants "[d]eclare[d], print[ed] or circulate[d] or cause[d] to be declared, printed or circulated any solicitation, advertisement or publication, which expresses, directly or indirectly, any limitation, or specification in employment based on a person's arrest or criminal conviction." Such an action would constate a violation of the Fair Chance Act and Vellon does not plead that this took place.

Perhaps most importantly, Vellon has failed to allege any facts to support a plausible inference that Defendants improperly denied his application due to his criminal history. Vellon has not alleged facts that "give plausible support to a minimal inference of discriminatory motivation." *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015). For example, Vellon has failed to allege that the two permissible bases for considering a person's criminal history do not apply here. See N.Y. Corr. Law § 752 (permitting employers not to hire someone with a criminal background when his or her criminal conviction (1) has a "direct relationship" to the position sought; or (2) if granting employment would pose an "unreasonable risk" to the public)." Accordingly, "to allege a minimal inference of discriminatory intent, [Plaintiff] must adequately allege facts from which the Court can infer that neither exception applies to him." *Franklin v. Whole Foods Mkt. Grp.*, 20-CV-4935 (VEC), 2022 WL 256460 at *5 (S.D.N.Y. Jan. 26, 2022) (holding that Plaintiff established a prima facie case warranting the denial of a motion to dismiss when plaintiff alleged specific facts regarding the two exceptions and how they applied to him).

Vellon's complaint boils down to the bare allegation that he "has a criminal history" and was not hired. That is insufficient to plausibly plead a discrimination claim under the NYSHRL or the NYCHRL. *See, e.g., Ochei v. The Mary Manning Walsh Nursing Home Co.*, Inc. No. 10 Civ.

2548 (CM) (RLE), 2011 WL 744738, at *3 (S.D.N.Y. Mar. 1, 2011) ("naked assertions" that a "protected . . . factor motivated an employment decision" are "simply too conclusory to withstand a motion to dismiss"). Discrimination is no more plausible than other, non-discriminatory reasons for the denial of his application – such as his failure to complete the interview process. *See Bell Atlantic. Corp.*, 550 U.S. 544, 567-68 (plaintiffs' assertion of unlawful conduct did not meet the "plausibility standard" in light of an "obvious alternative explanation" for the allegations contained in the complaint).

The law is clear that poor performance at an interview is a legitimate, nondiscriminatory reason for an adverse employment action." *Alvarez v. Nicholson*, No. 03 Civ. 4173 (RCC), 2005 U.S. Dist. LEXIS 45744 at *26 (S.D.N.Y. Aug. 3, 2005). Logically it follows that failing to even show up to an interview is a significant indicium of poor performance at an interview. *McNeil v. Vradenburgh*, 18-CV-09353 (PMH), 2021 WL 797657 at *6 (S.D.N.Y. Feb. 26, 2021) ("[p]laintiff's decision to decline to be interviewed for the job is a legitimate non-discriminatory reason not to offer the job to him"). Accordingly, it is entirely plausible that Vellon was not hired because he failed to complete the interview process and not because of his criminal history, which he even admits that he is unaware if Defendants found about from his background check. Furthermore, even crediting Vellon's statement that Defendants had knowledge of his criminal history, Vellon also admits that Defendants still invited him to interview <u>after</u> having this knowledge.

Vellon's claims that Defendants discriminated against him on the basis of his criminal history should thus be dismissed. *See, e.g., Stinnett v. Delta Air Lines, Inc.*, No. 18-CV-2704 (DLI) (LB), 2019 U.S. Dist. LEXIS 58145, at *19-20 (E.D.N.Y. Mar. 31, 2019)(dismissing NYCHRL claim where complaint "indicate[s] [plaintiff] was fired, not because of a discriminatory motive

on the part of [defendant], but because of her own actions"); *Soloviev v. Goldstein*, 104 F. Supp. 3d 232, 250 (E.D.N.Y. 2015) (dismissing NYSHRL and NYCHRL claims because complaint did not allege that "[plaintiff's] termination was caused by a discriminatory motive" rather than "by other actions on the part of [plaintiff]").

Similarly, based on the bare bones allegations discussed above, Vellon also cannot maintain his causes of action for a violation of the New York Fair Credit Reporting Act or the Federal Fair Credit Reporting Act.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court dismiss the Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6), 12(f) and/or 23(d)(1)(D) without leave to amend, or in the alternative, strike the class action allegations.

Dated: August 31, 2022
New York, New York

LITTLER MENDELSON, P.C.

By: */s/ Eli Z. Freedberg*
Eli Z. Freedberg
Ivie A. Serioux
900 Third Avenue
New York, NY  10022.3298
Telephone:  212.583.9600
Facsimile:  212.832.2719
efreedberg@littler.com
iserioux@littler.com

*Attorneys for Defendants*